Date signed May 05, 2015



E. STEPHEN DERBY
U. S. BANKRUPTCY JUDGE

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Greenbelt

| | | |
|---|---|---|
| In re: | * | Case No.  13-31164-TJC |
| Francisco J. Rodriguez | * | Chapter  11 |
| Debtor | * | |
| * * * * * * * * * | * | |
| Francisco J. Rodriguez | * | |
| Movant | * | |
| vs. | * | ECF Nos.  55, 74 |
| Internal Revenue Service | * | |
| Respondent | * | |

* * * * * * * * * * * * * *

### OPINION GRANTING DEBTOR'S MOTION TO AVOID LIEN OF IRS

Before the court is a motion to avoid lien under 11 U.S.C. §506 filed by the debtor, Francisco J. Rodriguez.  The lien in question is held by the Internal Revenue Service (the "IRS"), and it encumbers real property of the debtor, known as 2 Starfish Lane, Berlin, Maryland (herein the "Property").  The IRS filed an opposition on March 18, 2015, and the court set the matter in for a hearing on April 21, 2015.  After hearing argument from both parties, the court took the matter under advisement.  For the following reasons, the debtor's motion to avoid lien on the Property is granted.

1

The debtor filed for chapter 11 relief on December 18, 2013.  The IRS timely filed a proof of claim in this case, which included, among other claims, a secured claim for $23,626.58.  The IRS perfected its secured claim by filing a notice of federal tax lien with the Clerk of the Circuit Court for Worcester County, Maryland, on September 20, 2013.  The IRS's claim is the fourth claim against the Property.

The debtor seeks to avoid the IRS lien under 11 U.S.C. §506, because the amount of the liens on the Property exceeds the value of it.  There is no dispute as to the value of the Property, as to the amount of the IRS's tax lien, or that the aggregate liens on the Property exceed its value.  America's Servicing Company holds a first deed of trust on the Property for $519,109.55.  Ocwen Loan Servicing holds a second deed of trust on the Property for $57,752.47.  Christopher P. Benjamin holds a third deed of trust against the property for $103,241.25.  Lastly, the IRS does not contest the value of the Property proffered by Debtor, which is only $465,000.

The legal disputes are whether the holdings in *Dewsnup v. Timm,* 502 U.S. 410, 417 (1992) and *Ryan v. Homecomings Financial Network*, 253 F.3d 778 (4th Cir. 2001) preclude the avoidance of the IRS lien in a chapter 11 case, and whether 26 U.S.C. §6321 or 11 U.S.C. §522(c)(2) prevents the debtor from avoiding the lien.  Two cases advanced by the IRS in support of its opposition are not on point.  The case of *United States v. National Bank of Commerce*, 472 U.S. 713 (1985) did not involve a bankruptcy case.  It addressed the scope of an IRS lien and whether it attached in the first instance, which is not the issue here, i.e. whether the IRS lien may be avoided in a Chapter 11 case.  The case of *In re Hall*, 118 BR 671 (Bankr. S.D. Ind. 1990) involved a case under Chapter 13, property that had been claimed as exempt by the debtor, and property that had value to support the lien.  None of these factors are present here.

Section 506 governs the secured status of a lien in bankruptcy and whether such a lien is void:

> (a)(1) An allowed claim of a creditor secured by a lien on property in which the estate has an interest, or that is subject to setoff under section 553 of this title, is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, or to the extent of the amount subject to setoff, as the case may be, and is an unsecured claim to the extent that the value of such creditor's interest or the amount so subject to setoff is less than the amount of such allowed claim. Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest.
> *****
> (d) To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void, unless-
> (1) such claim was disallowed only under section 502(b)(5) or 502(e) of this title; or
> (2) such claim is not an allowed secured claim due only to the failure of any entity to file a proof of such claim under section 501 of this title.

11 U.S.C. §506(a) and (d).

In a chapter 11 case, liens may be stripped or voided, not just by the language of §506, but as read in conjunction with §§1123(b)(5) and 1129(b). *See also* 4 Collier on Bankruptcy ¶506.06[1][c] (16th ed. 2015). Section 1123(b)(5) permits a plan proponent to modify the rights of secured claim holders "other than a claim secured only by a security interest in real property that is the debtor's principal residence." *Id.* Section 1129(b) allows the plan to provide the "indubitable equivalent" to a secured claim holder. *Id.* Thus, there is clear Congressional intent to allow lien stripping in chapter 11 cases. *In re Johnson,* 386 B.R. 171, 177 (Bankr. W.D.Pa. 2008).

The Supreme Court in *Dewsnup,* 502 U.S. 410 held that a chapter 7 debtor cannot "strip down" an allowed secured claim under §506(d). The Fourth Circuit in *Ryan v. Homecomings Financial Network* elaborated on the Supreme Court's reasoning, and expanded its application to

motions to "strip off" liens. However, the majority of courts have recognized that the holding of *Dewsnup* and *Ryan*, are limited to chapter 7 cases. 4 Collier on Bankruptcy ¶506.06[1][c]; *Sapos v. Provident Inst. of Sav. in Town of Boston*, 967 F.2d 918, 925 (3d Cir. 1992) (The holding of *Dewsnup* does not apply in a chapter 13 case, and a debtor with an undersecured debt may bifurcate an allowed claim.), *overruled on other grounds by Nobelman v. American Sav. Bank*, 508 U.S. 324 (1993); *Wade v. Bradford*, 39 F.3d 1126 (10th Cir. 1994) (*Dewsnup* does not prevent a debtor in chapter 11 to strip down a lien on its residence.); *I.R.S. Dept. of Treasury of U.S. v. Johnson*, 415 B.R. 159 (W.D. Pa. 2009) (District court affirmed the bankruptcy court's decision that the avoidance of a federal tax lien was permitted under §§506 and 1123(b)(5)). Neither case stands for the IRS's contention that §506 cannot be applied to strip off a tax lien on undersecured real property.

There is no dispute that federal tax liens attach to a debtor's real and personal property upon assessment and remains in effect until paid in full or until the statute of limitations has run. 26 U.S.C. §§6321, 6322. However, courts have determined that there is nothing in the language of 26 U.S.C. §6321 that precludes an IRS tax lien from avoidance in bankruptcy. *In re Johnson*, 386 B.R. 171 (Bankr. W.D. Pa. 2008), *aff'd by Johnson*, 415 B.R. 159; *see also In re Dever*, 164 B.R. 132, 134 (Bankr. C.D. Cal. 1994).

Lastly, while 11 U.S.C. §522(c)(2) excepts tax liens from the avoidance powers of the trustee and the debtor under §522, it only does so when the debtor attempts to take an exemption in the property. Thus, if the debtor sought to exempt some of his personal property in the bankruptcy case, the exemption would not shield the attachment of the tax lien on the debtor's personal property. There is nothing in the papers or present by the parties that suggests the debtor has taken an exemption in the real property.

As stated in *In re Johnson*, 386 B.R. at 181, "[u]nless the Court removes the IRS lien from [the] residence, that lien will remain an anchor dragging him down from achieving his fresh start envisioned by the Code." *Id.*  The present value of the Property being less that even the first mortgage, there is no present value to support the lien of the IRS.  Based upon the Bankruptcy Code, clear Congressional intent, and case law, *supra*, the court finds that the IRS lien may be stripped off and is voided on the Property.

A separate order will be entered in accordance with this opinion.


cc:   Debtor
      Counsel for the Debtor
      Internal Revenue Service
      Counsel for Internal Revenue Service
      United States Trustee


**END OF OPINION**